UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:06CV-P174-R

STEPHEN JEROME REED                                                                          PLAINTIFF

v.

COMMISSIONER JOHN D. REES *et al.*                                                  DEFENDANTS

### OPINION

Alleging an Eighth Amendment violation, Plaintiff Stephen Jerome Reed, a prisoner incarcerated in the Kentucky State Penitentiary ("KSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  He alleges that delay in medical treatment for complaints of vomiting and severe pain and swelling in his testicles resulted in the removal of his left testicle.  In the caption and the parties' section of the complaint, he lists the following ten Defendants: Kentucky Department of Corrections Commissioner, John D. Rees; KSP Warden, Tom Simpson; KSP Correctional Officers, Mike Wilkerson and Serico; KSP Lieutenants, Andy Charles and Fred Rogers; KSP Sergeant Weaver; and three unidentified KSP Nurses.[1]  Plaintiff sues Defendants Rees and Simpson in both their individual and official capacities and sues the other Defendants in only their individual capacities.  As relief, he seeks money damages in the amount of $250,000 and punitive damages in the same amount.

Because Plaintiff is a prisoner seeking redress from governmental officials and employees, the Court must review the instant action under 28 U.S.C. § 1915A.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon review, the Court must dismiss "the complaint, or any

---

[1] Plaintiff referenced Dr. Steve Hiland in the body of the complaint but not in the caption or in the parties' section of the complaint.  Dr. Hiland is thus not properly identified as a defendant in this action. Should Plaintiff seek leave to amend the complaint to add Dr. Hiland as a defendant, Plaintiff must specify whether Dr. Hiland is being sued in his official and/or individual capacity.

portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

Upon initial review, the Court will dismiss the official capacity claims against Defendants Rees and Simpson on two bases. State defendants, like Rees and Simpson, who are sued in their official capacities for damages (1) are not "persons" under § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); and (2) are immune from suit under the Eleventh Amendment. *Id.* Despite dismissal of the official capacity claims, the Court will allow the remaining Eighth Amendment, individual capacity claims to proceed against all Defendants.[2] In so doing, the Court passes no judgment on the merit and ultimate outcome of the case.

The Court will enter Orders consistent with this Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005

---

[2]The Court notes that as soon as practicable and by utilizing the methods of discovery contained in the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 26-37 and 45, Plaintiff must identify the unidentified nurses. Upon identification of those Defendants, Plaintiff must seek leave to amend the complaint in compliance with Rule 15 of the Federal Rules of Civil Procedure. The Court is compelled to advise that this information is offered only as procedural guidance to the *pro se* litigant and is in no way a statement as to the viability of any such amendment. Should Plaintiff seek leave to amend in the future, the Court will consider the parties' arguments and issue a decision in light of applicable law.