**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:06CV-P174-R**

**STEPHEN JEROME REED**                                                                 **PLAINTIFF**

**v.**

**COMMISSIONER JOHN D. REES** *et al.*                                       **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on a motion to dismiss/for summary judgment filed by Defendants John D. Rees, Tom Simpson, Mike Wilkerson, Andy Charles, and Fred Rogers (DN 22). Defendants argue for dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) or, alternatively, seek summary judgment pursuant to Fed. R. Civ. P. 56. Upon review of the record, the Court will grant the motion to dismiss for failure to prosecute.

Plaintiff filed this civil rights action while incarcerated at the Kentucky State Penitentiary ("KSP"). By Order entered April 8, 2007 (DNs 6 & 8), the Court conducted an initial screening of the complaint under 28 U.S.C. § 1915A and allowed Plaintiff's Eighth Amendment claim that Defendants' delay in medical treatment resulted in the removal of his left testicle to proceed against all Defendants in their individual capacities. In addition to the Eighth Amendment claim proceeding against the foregoing five Defendants who filed the instant motion, the action also proceeded against Defendants Sergeant Weaver, Corrections Officer Serico, and three unidentified KSP Nurses.

As to the three unidentified KSP Nurses, the Court advised Plaintiff in its Opinion allowing the Eighth Amendment claim to continue that:

> [A]s soon as practicable and by utilizing the methods of discovery contained in the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 26-37 and 45, Plaintiff must identify the unidentified nurses. Upon identification of those Defendants, Plaintiff

>must seek leave to amend the complaint in compliance with Rule 15 of the Federal Rules of Civil Procedure. The Court is compelled to advise that this information is offered only as procedural guidance to the *pro se* litigant and is in no way a statement as to the viability of any such amendment. Should Plaintiff seek leave to amend in the future, the Court will consider the parties' arguments and issue a decision in light of applicable law.

The record reveals that Plaintiff never filed any motion to amend to identify the nurses, and according to Defendants, Plaintiff never engaged in discovery.

As to Defendants Serico and Weaver, the Justice and Public Safety Cabinet did not waive service for them, so the Court had to ensure service of this *in forma pauperis* complaint on those Defendants. *See* Fed. R. Civ. P. 4(c)(3). Because Plaintiff failed to respond to a deficiency notice issued by the Clerk of Court, the Court entered an Order giving Plaintiff 30 days to submit a completed summons for Defendants Serico and Weaver or face dismissal of the claims against those Defendants. Plaintiff failed to comply, and by Order entered September 28, 3007, the Court dismissed the claims against Defendants Serico and Weaver pursuant to Fed. R. Civ. P. 41(b).

Furthermore, despite the Court's warning in its Scheduling Order that Plaintiff's failure to comply with the Scheduling Order may result in dismissal of the case, the record reveals that Plaintiff repeatedly failed to comply. The Court set the discovery deadline for August 23, 2007, and as a requirement of discovery, the Court directed both Defendants' counsel *and* Plaintiff to certify that production is complete. Plaintiff did not certify production, and Defendants report that they tendered written discovery in the form of interrogatories and requests for admissions to Plaintiff but received no response. Additionally, in its Scheduling Order, the Court further directed Plaintiff to file a pretrial memorandum no later than September 24, 2007, but Plaintiff did not do so. Plaintiff also failed to respond to Defendants' motion to dismiss/for summary judgment.

In addition to the foregoing compliance failures, the record reveals that Plaintiff has not filed anything with this Court or otherwise prosecuted his claims since filing a response nearly two years ago on October 30, 2006, to a deficiency notice issued by the Clerk of Court directing him to sign the complaint that he filed a week earlier on October 23, 2006.  The Court, therefore, concludes that Plaintiff has abandoned any interest in prosecuting this action, warranting dismissal of his claims against Defendants.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) ("[A] case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.").

Consequently, by separate Order, the Court will grant Defendants Rees, Simpson, Wilkerson, Charles, and Rogers's motion to dismiss and will deny their motion for summary judgment as moot.

Because the three unidentified KSP Nurses were never identified and, consequently, did not join in the other Defendants' motion to dismiss/for summary judgment, they remain Defendants in this case.  Having concluded, however, that Plaintiff has abandoned any interest in prosecuting this action, the Court will also dismiss all claims against the three unidentified KSP Nurses as well.

A separate Order will be entered consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4413.005

3